**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10269 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-00470-SBA |
| v. | |
| LUCIO LERMA-LOPEZ, a.k.a. Ramon Corrales, a.k.a. Lucie Lena, a.k.a. Guadalupe Lerma, a.k.a. Rucio Lerma, a.k.a. Jose Lerman, a.k.a. Juan Lopez, a.k.a. Guadalupe Pena, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Submitted December 19, 2011[**]

Before:     GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Lucio Lerma-Lopez appeals from the 33-month sentence imposed following

his guilty-plea conviction for illegal reentry following deportation, in violation of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1326.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Lerma-Lopez contends that the district court procedurally erred by failing to interpret correctly the cultural assimilation Guideline, U.S.S.G. § 2L1.2 cmt. n.8. This argument fails because, in declining to grant the departure based on Lerma-Lopez's significant criminal and deportation history, the court showed a correct understanding of the Guideline.  *See* U.S.S.G. § 2L1.2 cmt. n.8 (cultural assimilation downward departure should only be considered where it is "not likely to increase the risk to the public from further crimes of the defendant").

Lerma-Lopez also contends that his sentence is substantively unreasonable. In light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors, the bottom-of-the-Guidelines sentence is substantively reasonable.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**